In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Appellant, Relative to Acquiring Real Estate for the City of New York in the Counties of Sullivan and Orange. HARRY L. CUDNEY, Respondent.— Appeal from so much of an order of the Supreme Court, Special Term as confirmed an award to claimant-respondent for the perpetual right and easement acquired by petitioner-appellant to divert waters of the Neversink River and, also, to release certain impounded waters into that river. Appellant contends that the claim is barred by the three-year Statute of Limitations provided by section K41–18.0 of the Administrative Code of the City of New York. Claimant owned Lots 28 and 29 which were away from the river but with them were conveyed a right of way to the river and the right, in common with others, to use the beach. The lands subject to these rights were designated as Parcel 238 on the taking map and as in the ownership of Emil W. Myer. Mr. Myer filed claim and obtained an award for his damages to Parcel 238 and later claimant-respondent and others possessing rights along the river boundary of Parcel 238 succeeded in having the order confirming Myer's award amended to provide that the same should not bar or affect claims by them. The appeal raises the basic question of compliance with section

K41–5.0 providing, among other things, that property division lines shall be delineated upon the taking map and that " there shall be plainly indicated those parcels of which the fee, and over or through which parcels the right to use and occupy the same temporarily or in perpetuity, is to be acquired." Although the portion of Parcel 238 to which the beach rights appurtenant to Lots 28 and 29 were applicable was sufficiently mapped, Lots 28 and 29 themselves were not delineated or indicated. Claimant contends that (as Special Term found) such omissions deprived claimant of sufficient notice and tolled the short Statute of Limitations. It is not disputed that although claimant knew that he had a claim with respect to his beach rights he did not act until after the expiration of the three-year period, when he obtained permission to amend his then pending claim (later disposed of) for damage to a lot owned by him and actually bordering the river, so as to include claim for the damage here involved. Although, of course, the taking had an effect upon the value of Lots 28 and 29, its direct impact was upon the rights and easements located within the mapped and delineated bounds of Parcel 238; there was literal compliance with section K41–5.0; and the board was not required to map the upland parcels, Lots 28 and 29. A like result was reached in *Matter of Huie (Neilson)* (6 A D 2d 837), which, incidentally, reversed the Special Term decision upon which the court below relied in its decision of this case, rendered prior to the determination of the appeal in *Neilson*. The issue which we have decided is the only one directly presented by the briefs and oral arguments and we pass on no other question. Order reversed on the law and the facts and claim dismissed, without costs. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.